## Kapuchinski's Estate.

Argued April 15, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur O. Kleemann,* with him *James McQuade,* for appellant.

*Frank W. McGuigan,* with him *Frank A. McGuigan,* for appellee.

PER CURIAM, April 29, 1935:

Appellant claims to be the common-law widow of Konstanty Kapuchinski, and as such entitled to an allowance of $5,000 from his estate. Kapuchinski died intestate on April 16, 1930, and, at the request of a brother and sister, letters of administration were issued to the Union Savings Bank & Trust Co. of Wilkes-Barre on June 2, 1930. Claimant contends she entered into a contract of marriage with decedent on Christmas Day, 1925, and thereafter lived with him as his wife until the time of his death. The court below heard testimony concerning the alleged marriage, together with proof of reputation in the community, and, upon consideration of all the evidence, decided the claim of marriage had not been substantiated and sustained exceptions to the award of a widow's allowance. The present appeal followed.

An examination of the record discloses that the evidence as a whole fails to support the alleged widow's claim. Indeed, appellant's previous declarations contradict her present contention. In a statement made to an investigator for Kapuchinski's employer, after the accident which resulted in decedent's death, appellant admitted she had never been married to deceased. Likewise, in an interview with a representative of the Prudential Insurance Company, which had issued two policies

316

of insurance on decedent's life, appellant stated, on the day following his death, that she bore no relationship to him and that he was not married. These facts alone were sufficient to support the lower court's finding that appellant did not enter into a contract of marriage with deceased and negatived any question as to abuse of discretion in disallowing the claim. The evidence fell far short of "that which ought to satisfy the mind that there was an actual agreement to form the lawful relation of husband and wife": Craig's Est., 273 Pa. 530, 534.

The decree is affirmed at appellant's costs.